UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JULIO C. CASILLAS, JR.,

                      Plaintiff,        18-cv-6356

v.                                       DISMISSAL ORDER

COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.

## INTRODUCTION

On May 10, 2018, plaintiff, Julio C. Casillas, Jr., represented by counsel, filed a complaint, and on May 11, 2018, the Court issued the summons. ECF Nos. 1, 3. On May 14, 2018, the Commissioner filed a Notice of Appearance. ECF No. 4. Following the Commissioner's filing of the Notice of Appearance, there was no activity in the case for over a year, except for the Court's administrative transfer of the case. ECF No. 5.

On August 6, 2019, pursuant to Local Rule of Civil Procedure 41(b), the Court ordered the parties to show cause in writing by September 5, 2019 why this case should not be dismissed for the non-compliance with the Court's filing deadlines. ECF No. 6; *see* L. R. Civ. P. 41(b) (indicating that if a civil case has been pending for more than six months and is not in compliance with the Court's directions, the Court may order the parties to show cause why the case should not be dismissed). The Commissioner responded by submitting a declaration of Peter Jewett, SAUSA, in which he explained that the Commissioner did not file the administrative record because service on the Commissioner has never been effectuated. ECF No. 7. Plaintiff did not respond to the Order to Show Cause and failed to communicate with the Court otherwise. Consequently, this case is DISMISSED WITHOUT PREJUDICE.

1

## DISCUSSION

Federal Rule of Civil Procedure 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)). Although it is a harsh remedy, the rule is "intended to serve as a rarely employed, but useful, tool of judicial administration available to district courts in managing their specific cases and general caseload." *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004).

Pursuant to Federal Rule of Civil Procedure 4 (l) and Local Rule of Civil Procedure 4, proof of service should be filed with the Clerk of Court. *See* Fed. R. Civ. P. 4; L.R. Civ. P. 5.5(c). Local Rule 5.5, prior to being amended in January 1, 2019, did not permit electronic service of the complaint on the Commissioner, and as such, plaintiff was required to file proof of service with the Court. Pursuant to Federal Rule of Civil Procedure 4(m), plaintiff was supposed to serve the Commissioner within 90 days after he filed her complaint, *i.e.*, by August 8, 2018. *See* Fed. R. Civ. P. 4(m); *see also* Fed. R. Civ. P. 4(c)(1) (noting that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)"). "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, plaintiff has not proved service to the Court and there is no indication that the Commissioner has been served. *See* Fed. R. Civ. P. 4(l) (noting that "[u]nless service is waived, proof of service must be made to the court" by affidavit). Even though the Commissioner has filed a Notice of Appearance, such filing was made as a matter of office policy after having been notified of a complaint filed, and did not represent a waiver of service. Because the Commissioner was not served within 90 days after

plaintiff filed her Complaint, and plaintiff failed to respond to the Order issued by the Court to and explain why this case should not be dismissed, this action is dismissed without prejudice pursuant to Rule 4(m).

## CONCLUSION

This case is DISMISSED WITHOUT PREJUDICE due to plaintiff's failure to timely serve the Commissioner. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: October 10, 2019
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court